ELIZA MICKLES, Respondent, v. HENRY A. DILLAYE,
Appellant.

*Mortgage — merged when purchased by one who has conveyed with warranty —
Foreclosure by advertisement — effect of failure to serve owner of equity of
redemption.*

One Mickles conveyed land owned by him, by a deed, in which his wife did not
join, containing covenants of warranty, and not subject, by its terms, to any
mortgage. Subsequently, he purchased a mortgage existing thereon at the
time of his conveyance, which mortgage he subsequently conveyed to one
Townsend, who foreclosed the same by advertisement, no notice being served
upon the then owner of the equity of redemption.
*Held,* that by the assignment of the mortgage to Mickles, after his conveyance
with warranty, the same was extinguished and discharged, both as to his
grantee and as to his wife, then a tenant in dower initiate.
*Quære,* whether a foreclosure by advertisement, in which no notice is served
upon the owner of the equity of redemption, is not a mere nullity as to all par-
ties to the proceedings.

APPEAL from a judgment in favor of the plaintiff, entered upon
the decision of the court at a Special Term and Circuit held in
Onondaga county.

*Irving G. Vann,* for the appellant. The foreclosure is valid as
to those served with notice, and as to those only. (*Hubbell* v.
*Sibley,* 5 Lans., 51; *King* v. *Duntry,* 11 Barb., 191, 193; *Robin-
son* v. *Ryan,* 25 N. Y., 321; *St. John* v. *Bumstead,* 17 Barb., 100,
102; *Benedict* v. *Gilman,* 4 Paige, 58; *Root* v. *Wheeler,* 12 Abb.
Pr., 294; Crary on Special Proceedings, vol. 1, p. 243; *Wetmore*
v. *Roberts,* 10 How., 51.) So it has been held that, where a mort-
gage was given by a person under the age required by the statute
providing for the foreclosure of mortgages by advertisement, only
the mortgagor could object that the statute foreclosure was irreg-
ular, and that the right to object was a personal privilege confined
to him alone. (*Ingraham* v. *Baldwin,* 12 Barb., 9; affirmed in 5
Seld., 45.) See as to the effect of a foreclosure upon the rights
of the parties who were served with notice. (*Jackson* v. *Hoffman,*
9 Cow., 271; *Brackett* v. *Baum,* 50 N. Y., 8; *Warner & Co.* v.
*Blikeman & Co.,* 36 Barb., 501; *Mitchell* v. *Mount,* 31 N. Y.,

356; *Burkhead* v. *Browne*, 5 Sandf., 134; *Groff* v. *Morehouse*, 51
N. Y., 503; *Vandercamp* v. *Shelton*, 11 Paige, 28; *Robinson* v.
*Ryan*, 25 N. Y., 320; *Jackson* v. *Bowen*, 7 Cow., 13; *Vroom* v.
*Ditmas*, 5 Paige, 526.)

*W. H. Gifford*, for the respondent.

Talcott, P. J.:

This is an appeal from a judgment ordered by one of the justices
of this court, on a trial at a Special Term and Circuit in Onondaga
county, a jury being waived by stipulation.

The action is brought by the respondent to recover dower as
the widow of Philo D. Mickles, deceased, in lot No. 4 of block
No. 10, in the city of Syracuse, which the said Philo D. Mickles
conveyed while the respondent was his wife, she not having joined
in the conveyance.

The conveyance of the husband was to Lovel G. Mickles, with
a covenant of warranty, and was made on the 23d day of Sep-
tember, 1840, and was not, in terms, subject to any mortgage.

The defendant, Henry A. Dillaye, claims title to the premises
under the following circumstances:

On the 4th of February, 1836, one David Hall was seized of
the premises, and on that day conveyed to one George S. Fitch,
Fitch executing back to said Hall a mortgage for the purchase-
money, and the premises passed by a regular chain of convey-
ances down to the said Lovel G. Mickles. On the 23d day of
September, 1843, and after the conveyance of the premises to
Lovel G. Mickles, the said David Hall assigned the mortgage
executed by Fitch to Philo D. Mickles, who, on the 8th of Novem-
ber, 1843, assigned the same to John Townsend. In 1846 pro-
ceedings were commenced in the name of said John Townsend,
under the power of sale contained in the said mortgage, for a
statutory foreclosure of the said mortgage given to Hall, notices
of which foreclosure were served upon Philo D. Mickles and upon
the respondent, his wife, and upon all the other parties who were
by the statute entitled to notice as required by statute, except
upon said Lovel G. Mickles, then the owner of the equity of
redemption, upon whom no notice was served. And in pursuance

of said proceedings for the statutory foreclosure of the said mortgage, on the 23d day of September, 1846, the premises were sold to Charles A. Wheaton. On the 29th day of December, 1846, Charles A. Wheaton conveyed the premises to John A. Robinson. On the 19th day of November, 1852, John A. Robinson conveyed the premises to Henry A. Dillaye the defendant and appellant, with warranty.

On the 23d of October, 1853, Lovel G. Mickles commenced an action in the Supreme Court against John Townsend, Henry A. Dillaye, Charles A. Wheaton, John A. Robinson, and James E. Heron, president of the Syracuse City Bank. The plaintiff in that action claimed that by the purchase of Philo D. Mickles of the Hall mortgage, and the assignment thereof to him, the said mortgage was merged, extinguished, and discharged. Neither the respondent nor Philo D. Mickles, her husband, were parties to that suit, and such proceedings were thereupon had that it was adjudged in the said action, that the said Hall mortgage became and was extinguished on the assignment thereof to the said Philo D. Mickles, and that the said Charles A. Wheaton acquired no title to or interest in the said premises by the said statutory foreclosure thereof, and the sale to him upon such foreclosure, but that said foreclosure and sale were void. (See *Mickles* v. *Townsend,* 18 N. Y., 575.)

On the 8th day of March, 1841, Lovel G. Mickles gave a mortgage to Philo D. Mickles for part of the purchase-price of the said premises for $2,000; and on the 5th day of February, 1854, the said Henry A. Dillaye, the defendant and appellant herein, being then in the possession of the said premises under color of the said foreclosure of, and sale under the Hall mortgage, and the conveyance by Wheaton, the purchaser at the foreclosure sale, to John A. Robinson, and by said Robinson to said Dillaye, the said Lovel G. Mickles, as plaintiff, commenced an action in this court against Charles A. Wheaton, John A. Robinson, John Townsend, James E. Heron, and this defendant, Henry A. Dillaye, to redeem said premises from the mortgage given by Lovel G. Mickles to Philo D. Mickles; and in that action, commenced on the 5th day of February, 1854, it was adjudged that the defendants therein successively took and held possession of said premises as mortgagees in possession under

the mortgage made by Lovel G. Mickles to Philo D. Mickles ; that the said Lovel G. Mickles was the legal owner of the premises, subject to the lien of his mortgage to Philo D. Mickles, and that the said Lovel G. Mickles should pay to Henry A. Dillaye to redeem from his mortgage the sum of $1,885.99 within sixty days from December 1st, 1864 ; and in case he failed to do so, the complaint be dismissed, which said judgment was afterwards modified by the Court of Appeals so as to require an allowance to Dillaye for certain improvements upon the premises, fixing $4,000 as the amount to be paid to Dillaye on redemption, and limiting a time within which redemption should be made. (See *Mickles* v. *Dillaye*, 17 N. Y., 80.)

The said Lovel G. Mickles failed to redeem within the time fixed by the decree in the last, mentioned suit by the Court of Appeals, whereby the title of Lovel G. Mickles was foreclosed and passed to Henry A. Dillaye, who had been in the possession of said premises since November 19, 1852, the date of the conveyance by John A. Robinson's deed to said Dillaye. All the conveyances from George S. Fitch, the maker of the Hall mortgage, down to Lovel G. Mickles were with warranty, and the conveyance to Philo D. Mickles was not, in terms, subject to the Hall mortgage.

Philo D. Mickles, the husband of the plaintiff, died in April, 1874. On the 30th, day of April, 1874, the plaintiff demanded an assignment of her dower in the premises of the defendant which was refused by him, he being then seized of the said pre. mises under the title derived as aforesaid.

On the 18th day of July, 1862, after the time for redemption under the decree as modified by the Court of Appeals had elapsed, the said Lovel G. Mickles conveyed the premises by quit-claim deed, to H. Ten Eyck Robinson and others, sole heirs-at-law of the said John A. Robinson, who had died intestate; so that the title, whatever it was, remaining in Lovel G. Mickles, and which passed by the quit-claim deed to the heirs of John A. Robinson, enured to the benefit of said Henry A. Dillaye, by virtue of the covenant of warranty in John A. Robinson's deed to Dillaye.

The justice at the Circuit held, as conclusions of law: " 1st. That the dower of Eliza Mickles is not in any manner subject to said

Hall mortgage. That said mortgage became and was satisfied and discharged by said assignment thereof from said Hall to said Philo D. Mickles.

" 2d. That said Henry A. Dillaye takes title to said lands, not under said Hall mortgage, but under said conveyance of Philo D. Mickles to Lovel G. Mickles, and is discharged and free from any lien under said Hall mortgage, under and by virtue of said decree in said action in relation thereto.

" 3d. That said decrees have operation upon the title to said lands, and bind all persons named as parties in said actions or in privity of title with them.

" 4th. That said Eliza Mickles is entitled to recover and charge upon said lands and the rents, issues and profits thereof, her dower therein as widow of said Philo D. Mickles, and also for withholding the same, after demanded, to be estimated and charged," etc.

The counsel for the appellant presents two points for consideration on this appeal. 1st. That the foreclosure of the Hall mortgage cut off all claims to the property in question, excepting the equity of redemption of Lovel G. Mickles.

2d. That the two judgments in favor of Lovel G. Mickles are not binding upon the plaintiff, because she was not a party to either action. As they are not binding upon her, she cannot invoke their aid in her favor.

As to the first point made by the appellant, we do not deem it necessary to discuss the effect of a foreclosure and sale, by advertisement, upon the rights of persons who are made parties, of the omission to cause a notice of the sale to be served on the *owner of the equity of redemption.* The statute makes a foreclosure by advertisement equivalent to a foreclosure and sale under a decree in equity, and it is by no means certain but that a foreclosure and sale under the decree of a Court Equity, to which suit the owner of the equity of redemption is not made a party, is an entire nullity. (*See Matter of Howe*, 1 Paige, 125.) But in this case the facts are found which show that the attempted fore. closure, by advertisement, of the Hall mortgage, and the sale thereunder to Charles A. Wheaton, under which the appellant claims title, were ineffectual and void. The statute relating to foreclosure by advertisement only authorizes the proceeding in case the

mortgage contains therein "a power to the mortgagee, or any other person, to sell the mortgaged premises upon default being made upon any condition in such mortgage;" and section two of the statute provides that, "to entitle any party to give a notice, as hereinafter prescribed, and to make such foreclosure, it shall be requisite, 1st. That some default in a condition of such mortgage shall have occurred by which the *power to sell became operative.*" (2 R. S. [2d ed.], 450, § 2.)

Thus it appears that the *existence* and *validity* of the power of sale is a prerequisite to the right to commence a foreclosure by advertisement. It is found as a fact, in this case, that David Hall (the mortgagee in what has herein been termed the Hall mortgage) assigned said mortgage to Philo D. Mickles on the 23d day of September. 1843, which was after the conveyance by Philo D. Mickles to Lovel G. Mickles, with warranty; and, therefore, upon the principles laid down by the Court of Appeals in *Mickles* v. *Townsend* (18 N. Y., 575), the power of sale became extinguished; and so the justice, before whom this case was tried, found that the "said mortgage became, and was, satisfied and discharged by said assignment thereof from said Hall to said Philo D. Mickles."

It was held, in *Cameron* v. *Irwin* (5 Hill, 272), that a statute foreclosure of a paid mortgage confers no title — a *fortiori*, then, where the mortgage and power of sale became extinct by operation of law, by reason of conveyances appearing on the records anterior to such foreclosure.

In the case of *Warner* v. *Blakeman*, in the Court of Appeals (4 Keyes, 487), Judge WOODRUFF, speaking of the case of *Cameron* v. *Irwin* (*supra*), says that case "justifies a doubt whether, under circumstances such as these, the power of sale having been extinguished by payment of the mortgage, even a *bona fide* purchaser would have acquired a title.". But the case of *Warner* v. *Blakeman* was decided upon the ground that Blakeman was not a *bona fide* purchaser under the statute which protects such a purchaser at a sale under a foreclosure by advertisement.

This case comes up upon the pleadings and findings of the court, and upon the exceptions to the conclusions of law, and there is no finding that the purchaser at the foreclosure sale, or any of his grantees, were *bona fide* purchasers. If the mortgage

and power of sale were satisfied and extinguished against a subsequent grantee of Philo D. Mickles, they surely must have been so as against his wife, then a tenant in dower initiate.

The second point made by the appellant, to wit, that "the two judgments in favor of Lovel G. Mickles are not binding on the plaintiff, because he was not a party to either action, and as they are not binding upon her, she cannot invoke their aid in her favor," admits, as it appears to us, of this short answer. The plaintiff is not under the necessity of invoking the aid of either of these decrees in this action. She does not need it to avoid the effect of the statute foreclosure, for the reason that the power of sale having been extinguished, the said foreclosure was void as to her. She does not need the aid of anything in the decree made in the suit of *Lovel G. Mickles* v. *Henry A. Dillaye and others* (17 N. Y. 80), for the reason that she does not claim under that decree; but her title as doweress is prior and paramount to the title of Lovel G. Mickles, upon which he, in that suit, sought to redeem from his mortgage to Philo D. Mickles. The conclusion of law of the justice at the Circuit, upon this branch of the case, is, "that said decrees have operation upon the title to said lands, and bind all persons named as parties in said actions, or in privity of title with them." This seems to be a correct statement of an abstract principle of law.

In the case of *Mickles* v. *Townsend* (18 N. Y., 575), Judge Denio quotes from Co. & Litt., 352, a (3 Thomas' Coke, 342, m), the well established rule of the common law: "Privies in blood, as the heir; privies in estate, as the feoffee, lessee, etc.; privies in law, comprehending those who come in by act of law, or in the post, shall be bound by, and take advantage of, an estoppel." So it is laid down in Comyn's Digest. Tenant in dower or by the curtesy is bound by estoppel. (Com. Dig., Estoppel, B.)

Though it is not apparent that the learned justice at the Circuit made any application of this principle to the case at bar, and we do not see any necessity for such application, the marriage of the plaintiff, the seizin and death of the husband, and the facts showing the invalidity of the foreclosure having been found without recourse to the judgments in the two suits which were commenced by Lovel G. Mickles, so far as appears, the conclusion

that the plaintiff was entitled to recover her dower was inevitable. If the foregoing views are correct, they lead to an affirmance of the judgment.

Judgment should be affirmed, with costs.

Present—TALCOTT, P. J., and SMITH, J.; HARDIN, J., not sitting.

Judgment affirmed, with costs.